1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WALLACE BROWN, | No.  2:15-cv-0155-JAM-EFB P |
| Plaintiff, | |
| v. | SCREENING ORDER AND ORDER GRANTING IFP |
| KEVIN HASS, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint, he has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.  Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.  Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

1    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

2    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

3    relief." *Id.* § 1915A(b).

4         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

5    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

6    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

7    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

8    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

9    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

10   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

11   U.S. 662, 679 (2009).

12        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

13   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

14   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

15   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

16   678.

17        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

18   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

19   content that allows the court to draw the reasonable inference that the defendant is liable for the

20   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

21   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

22   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

23   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

24   **III.    Screening Order**

25        For the limited purposes of § 1915A screening and liberally construed, the complaint

26   states a cognizable Fourth Amendment excessive force claim against defendants Hass and Ratto.

27   However, the complaint fails to state a claim against defendant City of Chico/Chico Police

28   Department.

2

1    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

2    that a right secured by the Constitution or laws of the United States was violated, and (2) that the

3    alleged violation was committed by a person acting under the color of state law. *West v. Atkins*,

4    487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the

5    facts establish the defendant's personal involvement in the constitutional deprivation or a causal

6    connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

7    *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

8    (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

9    for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

10    (2009).  In sum, plaintiff must identify the particular person or persons who violated his rights.

11    He must also plead facts showing how that particular person was involved in the alleged

12    violation.

13    A municipal entity or its departments is liable under section 1983 only if plaintiff shows

14    that his constitutional injury was caused by employees acting pursuant to the municipality's

15    policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977);

16    *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic

17    Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008).  Here, plaintiff fails to state a claim against

18    defendant City of Chico/Chico Police Department because he has not sufficiently alleged that he

19    was injured as a result of employees acting pursuant to any policy or custom of the City of

20    Chico/Chico Police Department.   In fact, plaintiff makes no allegations at all against this

21    defendant.  Local government entities may not be held vicariously liable under section 1983 for

22    the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of

23    Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).

24    Thus, plaintiff may either proceed only on the Fourth Amendment excessive force claim

25    against defendants Hass and Ratto, or he may amend his complaint to attempt to cure the

26    deficiencies in his claims against the other named defendants.  Plaintiff is not obligated to amend

27    his complaint.

28    /////

3

1    Any amended complaint must cure the deficiencies identified above and also adhere to the

2    following requirements:

3    Any amended complaint must identify as a defendant only persons who personally

4    participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

5    *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

6    constitutional right if he does an act, participates in another's act or omits to perform an act he is

7    legally required to do that causes the alleged deprivation).

8    It must also contain a caption including the names of all defendants.  Fed. R. Civ. P. 10(a).

9    Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*

10    *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11    Any amended complaint must be written or typed so that it so that it is complete in itself

12    without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

13    complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

14    earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

15    F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

16    being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

17    1967)).

18    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

19    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

20    *See* Local Rule 110.

21    **IV.    Summary of Order**

22    Accordingly, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

24        2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected

25            in accordance with the notice to the Butte County Sheriff's Office filed

26            concurrently herewith.

27        3.  The allegations in the pleading are sufficient at least to state a cognizable Fourth

28            Amendment excessive force claim against defendant s Hass and Ratto.  The

4

remaining claims and defendants are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.

4. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the January 20, 2015 complaint (ECF No. 1), two USM-285 forms and instructions for service of process on defendants Hass and Ratto.  Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and three copies of the endorsed complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  Defendants Hass and Ratto will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED:  May 19, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   MICHAEL WALLACE BROWN,                    No.  2:15-cv-0155-JAM-EFB P

13              Plaintiff,

14        v.                                    NOTICE OF SUBMISSION OF
                                                DOCUMENTS
15   KEVIN HASS, et al.,

16              Defendants.

17

18        Plaintiff hereby submits the following documents in compliance with the court's

19   Screening Order:

20

21              ___1___        completed summons form

22              ___2___        completed forms USM-285

23              ___3___        copies of the endorsed January 20, 2015 complaint

24

25   Dated:

26

27                                        _____

28                                        Plaintiff

6